UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS LAMPLEY,** | ) | **Case No. 1:13-CV-1102** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **JASON BUNTING,** | ) | |
| | ) | **OPINION AND ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is a petition for writ of habeas corpus filed *pro se* by Thomas Lampley pursuant to 28 U.S.C. § 2254 ("Habeas Petition"). **(Doc. # 1)**. Magistrate Judge Vecchiarelli issued a Report and Recommendation ("R&R") in which she recommends denying the petition. **(Doc. # 9)**. Petitioner objects to the R&R. **(Doc. # 10)**. For the reasons that follow, the Court **ADOPTS** the R&R and **OVERRULES** Petitioner's objections.

I.

On August 28, 2009, Lampley, while operating a vehicle in a parking lot, almost hit LaShona Bronson. A dispute then arose between Bronson and Lampley concerning how close Lampely was to her. Lampley left the parking lot, and upon his return he encountered LaShona Bronson and her husband, J.B.. J.B. approached the vehicle that Lampley was driving and an

altercation ensued. Lampley maintains that J.B., after approaching the vehicle, began striking him through the open window. At some point during the altercation Lampley accessed a firearm and used it to shoot and fatally wound J.B.

On September 16, 2009, a Richland County grand jury issued a four-count indictment charging Lampley with: 1) intentional murder (Ohio Rev. Code § 2903.02(A)), with a firearm specification; 2) violent offense murder (Ohio Rev. Code § 2903.02(B)), with a firearm specification; 3) possessing a weapon under a disability, in violation of (Ohio Rev. Code § 2923,13(A)(2)); and 4) tampering with evidence (Ohio Rev. Code § 2921.12(A)(1)).

During his trial, Lampley argued that he acted in self defense in shooting J.B. On February 26, 2012, the jury convicted Lampley of all counts alleged in the indictment, and on March 2, 2010, the trial court sentenced Lampley to consecutive terms of imprisonment tolling 25 years to life.

On May 15, 2013, Lampley, *pro se*, filed the instant Habeas Petition in which he raises four grounds for relief: 1) the State was not required to prove every element of the charged offense; 2) the trial court refused Lampley's trial counsel's request for a jury instruction on voluntary manslaughter and on the Castle Doctrine in violation of Lampley's Due Process rights; 3) ineffective assistance of counsel; and 4) the Appellate Court abused its discretion when it reinstated Lampley's appeal and allowed continued representation by deficient counsel.

II.

On September 27, 2013, Magistrate Judge Vecchiarelli issued an R&R recommending that the Court deny Lampley's Habeas Petition. Lampley has now filed an Objection to the R&R ("Objection"). Pursuant to 28 U.S.C. § 636 (b)(1), the Court shall "make a de novo

determination of those portions of the [R&R] . . . to which objection is made." Lampley's Objection raises no new arguments but are largely reiterations of issues that Magistrate Judge Vecchiarelli has already addressed in the R&R. In his Objection, Lampley also notes that he did not receive the R&R until five to seven days after it was mailed, and, therefore, he did not have adequate time to respond to the R&R. (Doc. # 10 at 1). Lampley did not request an extension, nor does he claim that he received the R&R after the 14 day time frame he had to respond to the R&R. Accordingly, the Court **OVERRULES** the Objections, **ADOPTS** the thorough and well-written R&R, and **DENIES** the Petition .

    **IT IS SO ORDERED.**

    */s/ Dan A. Polster    October 15 , 2013*
**Dan Aaron Polster**
**U.S. District Judge**